**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

NOV 8 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30106 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-06023-RMP-1 |
| v. | |
| JERRY WILLIAM LINDSEY, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted November 6, 2018**
Seattle, Washington

Before: McKEOWN and FRIEDLAND, Circuit Judges, and GAITAN,*** District
Judge.

Jerry Lindsey, Jr., appeals his jury conviction for attempted enticement of a

minor, in violation of 18 U.S.C. § 2422(b). Lindsey challenges the district court's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Fernando J. Gaitan, Jr., United States District Judge
for the Western District of Missouri, sitting by designation.

denial of a motion for judgment of acquittal. *See* FED. R. CRIM. P. 29. Because there was sufficient evidence for a rational jury to convict Lindsey, we affirm.

We evaluate a challenge to the sufficiency of the evidence by asking whether, "'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Goetzke*, 494 F.3d 1231, 1234 (9th Cir. 2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Lindsey was convicted of attempting to persuade, induce, entice, or coerce a minor. The minor in question was a detective acting in an undercover capacity as a 13-year-old girl named Steph. The government was required to prove that Lindsey "'knowingly' (1) actually or attempt[ed] to (2) persuade, induce, entice, or coerce (3) a person under 18 years of age (4) to engage in sexual activity that would constitute a criminal offense." *United States v. Meek,* 366 F.3d 705, 718 (9th Cir. 2004) (discussing the elements of 18 U.S.C. § 2422(b)). Attempt convictions require the government provide evidence that the defendant both "intended to violate the statute" and "took a substantial step toward completing the violation." *Id.* at 720 (citation omitted). The statute "imposes criminal liability when the defendant *believes* he is inducing a minor" even if "the object of his inducement is really an adult." *Id.* at 717 (emphasis added).

Based on the evidence submitted at trial, a rational juror could have found

that Lindsey knowingly tried to persuade, induce, entice, or coerce a person who he believed to be under 18 years of age, Steph, to engage in prohibited sexual activity. This evidence includes various affirmative conduct by Lindsey: posting a Craigslist ad in the "Casual Encounters" part of the website looking for someone "18 or so"; sending sexually explicit emails and texts to a person he believed to be a minor; describing sexual acts he wanted to engage in with the minor; sending images of his penis to the minor; and providing times and directions to a location to meet with the minor to engage in sex. In view of the elements of the crime and the evidence, Lindsey's argument that Steph tried to persuade him to have sex is without merit.

A substantial step requires that a defendant engage in conduct that "(1) advance[s] the criminal purpose charged, and (2) provide[s] some verification of the existence of that purpose." *Goetzke*, 494 F.3d at 1236 (citation omitted). In the context of § 2422(b), a substantial step has been taken when "a defendant initiates conversation with a minor, describes the sexual acts that he would like to perform on the minor, and proposes a rendezvous to perform those acts," all of which "cross[] the line toward persuading, inducing, enticing, or coercing a minor to engage in unlawful sexual activity." *Id.* at 1237. A rational jury could have found that Lindsey's actions satisfy these requirements.

Lindsey's argument that he stopped texting Steph does not change the outcome. He stopped texting her shortly after sending her details about where to meet him. Lindsey further argues he ceased communicating with Steph "of his own free will." However, the evidence casts doubt on his account because of the timing of his texts vis-à-vis the compromise of the undercover police vehicle surveilling him.

Further, Lindsey's argument is predicated on a misunderstanding of the nature of the offense. The crime is attempted persuasion, inducement, enticement, or coercion—not performing a physical act. *See Goetzke*, 494 F.3d at 1236. The statute focuses on the intended effect on the minor and criminalizes the "attempt to achieve the mental act of assent," regardless of whether any physical acts occur. *Id*.

**AFFIRMED**.